# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Michael Alexander<br><br>Debtor | CASE NO. 17-14508 (MDC)<br><br>(Chapter 7) |

## STIPULATED ORDER RESOLVING

## POLICE & FIRE FEDERAL CREDIT UNION VS. MICHAEL E. ALEXANDER

Pursuant to the terms of this Stipulated Order, Debtor, Michael Alexander (the "Debtor"), and Police & Fire Federal Credit Union ("PFFCU," and together with the Debtor, the "Parties"), by and through their respective undersigned counsel, hereby consent to the Debtor's treatment of a portion of the judgment lien of PFFCU as a general unsecured claim for purposes of the instant Chapter 7 case and to the allowance of a portion of the judgment lien of PFFCU as a secured claim in favor of PFFCU.

## RECITALS

WHEREAS, on June 30, 2017 (the "Petition Date"), Debtor filed a voluntary petition for Chapter 7 relief;

WHEREAS, PFFCU holds a judgment lien in the amount of $10,945.90 (the "Judgment Lien"), which lien is secured by the Debtor's real property located at 3500 Lansing St., Philadelphia, PA 19136 (the "Property");

WHEREAS, pursuant to the Motion to Avoid Lien with Police and File Federal Credit Union (the "Motion"), Debtor proposes to avoid the Judgment Lien pursuant to applicable provisions of the Bankruptcy Code upon receiving a discharge in this Chapter 7 case;

119809824_1

WHEREAS, on September 5, 2017, PFFCU objected to the Motion;

WHEREAS, subsequently, the Parties have engaged in discussions to resolve the treatment of the Judgment Lien; and

WHEREAS, the Parties hereto have consulted and determined to resolve the Debtor's Motion by and among themselves, through their undersigned authorized representatives, without the expense, delay and uncertainty of litigation and without the admission of any liability.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound, stipulate and agree and the Court hereby ORDERS as follows:

1. The above recitals are incorporated herein as if set forth fully at length.

2. In the event this Stipulated Order does not become a final order that is not subject to further appeal or the Debtor does not receive a Chapter 7 discharge in this case, then the agreement of the Parties as set forth in this Stipulated Order shall be null and void and of no effect and the Parties shall be restored to the factual and legal position which existed immediately prior to execution of this Stipulated Order.

3. For purposes of the Debtor's Chapter 7 case, the Parties agree that the Judgment Lien shall remain a secured claim in the amount of $1,538.45, secured by the Property, and an unsecured claim in the amount of $9,407.45.

4. The Parties shall each bear and be responsible for its own costs and attorneys' fees incurred in connection with this Stipulated Order.

5. The Parties understand and agree that neither their execution of this Stipulated Order, nor anything contained herein, shall be construed or considered in any way to be an

119809824_1

admission of guilt, wrongdoing or noncompliance with federal, state or local law, statute, order or regulation, the Bankruptcy Code, tortious act, breach of contract, or violation of common law, or any other wrong doing whatsoever.

6. This Stipulated Order sets forth entire agreement between the Parties and may not be altered or modified other than by approval of the Bankruptcy Court.

7. This Stipulated Order may be executed in counterparts.

8. This Court retains jurisdiction to adjudicate matters arising under or in connection with this Stipulated Order.

9. This Stipulated Order shall be binding upon the Parties hereto and their respective executors, heirs, successors and assigns.

10. Each representative signing this agreement represents and warrants that he or she has authority to bind his or her respective client to the terms of this Stipulated Order.

11. This Stipulated Order is the result of negotiations between the Parties, each of whom is represented by counsel of its choosing. Accordingly, the Parties agree that the normal rule of construction construing any ambiguity against the drafter shall not be employed in the interpretation of this Stipulated Order.

BY THE COURT:

_____
The Honorable Magdeline D. Coleman
United States Bankruptcy Judge

AGREED AS TO FORM AND SUBSTANCE:

119809824_1

| | |
|---|---|
| Dated: October 17, 2017<br>    Philadelphia, Pennsylvania | /s/ Anne M. Aaronson<br>**DILWORTH PAXSON LLP**<br>Anne M. Aaronson<br>1500 Market St., Suite 3500E<br>Philadelphia, PA 19102<br>Telephone:  (215) 575-7000<br>Facsimile:  (215) 575-7200<br><br>*Counsel for the Police & Fire Federal Credit Union* |

CONSENTED TO:

| | |
|---|---|
| Dated: October 16, 2017<br>    Philadelphia, Pennsylvania | /s/ Matthew Lazarus<br>Matthew Lazarus<br>1315 Walnut Street, Suite 502<br>Philadelphia, PA 19102<br>Telephone: 215-545-0008<br>Facsimile: 215-545-0611<br><br>*Counsel for Michael Alexander* |

119809824_1